Ms. Stacey Witherell Employee Services Manager Human Resources Department City of Little Rock 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that a request has been presented to the City for the records of a harassment investigation conducted in response to a complaint that was filed by an employee against her department director. The records of this investigation consist of transcripts of interviews conducted with various employees concerning the incident that gave rise to the complaint. You have provided me with copies of these transcripts. The investigation resulted in a determination that the employee who filed the complaint had not been harassed. Although you have not explicitly so stated, I am assuming, based on the results of the investigation, that the department director against whom the complaint was filed was neither suspended nor terminated as a result of the complaint.
I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have not indicated whether you intend to release the records or not. I therefore cannot evaluate your determination. Nevertheless, I will provide my analysis of the releasability of these records.
RESPONSE
It is my opinion that the requested records should not be released to the public. As explained below, however, because these records constitute the personnel records of the employee who filed the complaint, she or her designated representative are entitled to have access to the records.
This office has consistently opined that records that are generated at the behest of the employer in the course of an investigation of a complaint against an employee, and that detail incidents that gave rise to an allegation of misconduct, should be deemed to constitute the "employee evaluation/job performance records" of the employee against whom the complaint was filed. See, e.g., Ops. Att'y Gen. Nos. 2001-101; 2001-082; 2000-231; 1999-361. The releasability of employee evaluation/job performance records is governed by A.C.A. §25-19-105(c)(1). Under that provision, such records cannot be released if the employee being investigated has neither been suspended nor terminated. Because the employee against whom the complaint was filed was apparently not suspended or terminated, the requested records should not be released to the public.[1]
I note that these records may also constitute the "personnel records" of other employees who are mentioned in the records. Under A.C.A. §25-19-105(c)(2), all personnel and evaluation records must be made available to the employee to whom they pertain or to that employee's designated representative, even if the records are exempt from disclosure to the public. See Op. Att'y Gen. No. 95-131. It is always a question of fact whether a particular record constitutes a particular employee's "personnel record." The FOIA does not define the term "personnel record." However, this office, relying on Watkins, The Arkansas Freedom ofInformation Act (3rd Ed. 1998) at 134, has consistently opined that "personnel records" are all records other than "employee evaluation/job performance records" that pertain to individual employees, former employees, and successful job applicants. See, e.g., Ops. Att'y Gen. Nos. 2001-055; 2000-130. In the present case, the requested records all pertain directly to an incident involving the complainant and to the conduct about which she complained. In my opinion, they can therefore fairly be classified as her personnel records. As such, they must be made available to her or to her designated representative. A.C.A. §25-19-105(c)(2). It is my understanding that the request for these records was presented to the City by the husband of the employee who filed the complaint under investigation. Although the employee is clearly entitled under A.C.A. § 25-19-105(c)(2) to have access to her personnel records, it is unclear in this instance whether her husband is her "designated representative." This is a question of fact that I am unable to determine. See Op. Att'y Gen. No. 92-319. If, in fact, the employee's husband is acting as her designated representative, he can have access to her personnel records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Again, I am assuming that the employee in question was not suspended or terminated. If this assumption is incorrect, the releasability of the records must be analyzed under the three-part test of A.C.A. § 25-19-105(c)(1), which provides that employee evaluation/job performance records can be released only if all of the following conditions are met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).